IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**KENNETH MYRICK,**

    Plaintiff,

v.                                   CASE NO. 5:06-cv-00110-MCR-AK

**JONES GAGLIO PA,
MERLE STRINGER,
ROBERTA LYNN WISE,
SAM K ZAWAHRY,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff brings this cause of action pro se (non-prisoner) and has filed a motion and affidavit for leave to proceed in forma pauperis. (Docs. 2 and 3). The financial affidavit is incomplete, but rather than request Plaintiff to submit a second form, it is recommended that this cause be dismissed for lack of jurisdiction.

    Plaintiff is alleging that he was injured in an auto accident, and he now complains about his legal representation relative to this accident and the amount of insurance proceeds he received for his injuries. He sues the other driver in the accident (Roberta Wise), two attorneys (Sam Zawahry and Jones Gaglio), and a physician (Merle Stringer). Although the facts underlying his claims are not clear, the nature of his claims are sufficiently stated for the Court to determine that he has stated neither constitutional claims nor claims arising under federal law. His allegations against another driver for rear-ending him in an automobile accident and any malpractice claims he may be alleging against his attorneys or his doctors with regard to his treatment arising from this

accident are state law claims.

A United States District Court has essentially two bases for jurisdiction: federal question or diversity of citizenship.  *See* 28 U.S.C. §§ 1331, 1332.  As Plaintiff and the Defendants reside in Florida, there can be no jurisdiction based on diversity.  Additionally, Plaintiff has not alleged any constitutional violation such that jurisdiction could be established under the court's federal question jurisdiction.  Plaintiff's claim is more appropriately filed in state court as a federal court lacks jurisdiction.  A court may raise a jurisdictional defect *sua sponte* at any time.  New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1577 (N.D. Ga. 1995), *citing* Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992); Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this **13th** Day of July, 2006.

           s/ A. KORNBLUM
           **ALLAN KORNBLUM**
           **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.